JULIUS HAYES v. JUNE J. LANCASTER.

(Filed 6 April, 1932.)

**Execution K d—Plaintiff suggesting fraud in defendant's affidavit of insolvency must sufficiently allege and prove fraud.**

Where execution against the person of a defendant is made in accordance with the judgment against him, C. S., 673, after execution against his property is returned unsatisfied, and the defendant files a petition for his discharge as an insolvent under C. S., 1637 *et seq.*, and the plaintiff answers the petition for discharge and alleges that the defendant had concealed his property and fraudulently made the affidavit that he was without means: *Held*, the plaintiff must allege the fraud with sufficient fullness and certainty to indicate the charge the defendant must answer, and such allegations must be supported by sufficient evidence, and where the plaintiff has failed to do so a judgment dismissing the proceeding will be affirmed.

APPEAL by plaintiff from *Harwood, Special Judge,* at October Term, 1931, of DURHAM. Affirmed.

*R. O. Everett, V. S. Bryant and John W. Hester for plaintiff.*
*Yarborough & Yarborough for defendant.*

ADAMS, J. The plaintiff recovered a judgment against the defendant for $1,400 and had it docketed in the Superior Court. The judgment authorized an execution against the person of the defendant after the return of an execution against his property wholly or partly unsatisfied. C. S., 673. The officer found no property upon which to levy the execution and served the subsequent process against the person by arresting the defendant and accepting bail for his appearance in the Superior Court on the day fixed for the return of the execution. The defendant, giving due notice, filed a petition for his discharge as an insolvent under C. S., 1637 *et seq.*, and annexed thereto a statement of his property. The plaintiff filed an answer to the petition for discharge, and alleged that the defendant had concealed his property and had fraudulently made affidavit that he was without means. The plaintiff "suggested and alleged fraud on the part of the defendant in his statement." The cause was transferred to the civil issue docket and the trial judge held that the controversy was reduced to an issue relative to the defendant's fraudulent concealment of his property, and that the evidence was not sufficient to justify a finding of fraud. The proceeding was dismissed and the plaintiff appealed.

When the judgment debtor files his petition for discharge as an insolvent every creditor upon whom notice is served "may suggest fraud upon the hearing of the petition, and the issues made up respecting the fraud shall stand for trial as in other cases." C. S., 1641. The "sug-

gestion of fraud" imports the setting forth of particular allegations by which to establish the fraudulent transaction. *Edwards v. Sorrell,* 150 N. C., 712. Fraud must be alleged with sufficient fullness and certainty to indicate the charges the opposing party must answer and the charges must be supported by competent evidence. *Nash v. Hospital Co.,* 180 N. C., 59; *Waddell v. Aycock,* 195 N. C., 268. Something more than a suspicion of artifice and deception is necessary. We are of opinion that the allegations and the proof do not meet the requirements of the law.

Affirmed.